Wright, J.
Before the written contract had been entered into, Brown had begun his Avail and had partially ■constructed the stone foundation, and it was built where it was by the consent of defendant, and the mutual agreement *554 of plaintiff and defendant. It was not then certainly-known where the lines would be. There was perhaps as-much reason to suppose that the four inches would turn out to be upon Brown as upon Miller. But even if it were upon Miller, as it is now ascertained to be, if he allowed Brown to goon, and in good faith build upon his premises in the way he did, it is too late now to retract. Brown spent his money upon the wall which was to be for the-benefit of both; Miller saw him do it, saw him put thefouudation just where he did. He can not tear it away. Washburn on Easements, ch. 1, sec. 3, par. 43, p. 97 (3 ed.) ; ch. 3, sec. 4, par. 23, p. 406.
As to the decree of the district court. That action was-for specific performance under the written contract of 5th October, 1866. But rights in Brown had vested prior to that contract, and no decree upon it could affect their prior-rights.
The sole purport of that decree was that Brown was entitled to a deed for eleven inches and not.fifteen. Nothing-else was determined. No other rights were in issue. The-court did not attempt to settle -what rights Brown had in the four inches beyond the eleven. They said he was not entitled to a deed for those four inches, but they did not say he had no interest therein whatever. They did not say that circumstances could not create an easement therein. The decree only settled the rights between the-parties as to what portion of the land specified in the contract Brown was entitled to have conveyed to him by Miller.
The court, therefore, were correct in holding that this-record did not conclude the parties in the pending cause.

Judgment affirmed,.